**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nuvei Technologies Inc., | No. CV-25-04250-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Fernworth Consulting, Ltd., d/b/a Link4Pay, | |
| Defendant. | |
| Fernworth Consulting Ltd.,  d/b/a Link4Pay, | |
| Counterclaimant, | |
| v. | |
| Nuvei Technologies Inc., | |
| Counterdefendant. | |

Pending before the Court is Plaintiff Nuvei Technologies, Inc.'s Motion to Remand. (Doc. 11).  For the reasons provided below, Plaintiff's motion is granted.

## BACKGROUND

On May 28, 2025, Plaintiff filed a civil action against Defendant Fernworth Consulting, Ltd. ("Link4Pay") in the Maricopa County Superior Court.  (Doc. 11-1 at 17-22).  Link4Pay is incorporated and operates its principal place of business in Cyprus, without any agent or place of business to accept service of process within the United States. (Doc. 11 at 1-2).

On August 6, 2025, the Superior Court issued a Notice of Intent to Dismiss for Lack

of Service under the Arizona Rules of Civil Procedure, which require domestic service to be completed within ninety days. (Doc. 11-1 at 2 (citing Ariz. R. Civ. P. 4(i)). Plaintiff's counsel received the Superior Court's Notice on August 14, 2025 (*id.* at 6 n.1), and immediately filed a Notice of Intent and Efforts Regarding Service of Process in a Foreign Country to remind the Superior Court that the ninety-day rule did not apply to service in foreign countries and to report that Plaintiff was working to "facilitate international service of the Complaint and related documents in the country of Cyprus in compliance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." (*Id.* at 5-6 (citing Ariz. R. Civ. P. 4.2(i), (k)). Accordingly, on August 18, 2025, Plaintiff submitted a request for service of process to the Cyprus Ministry of Justice and Public Order. (Doc. 1 at 13-18; Doc. 11 at 2).

Though Link4Pay was served in Cyprus on September 22, 2025 (Doc. 11-1 at 8-22), Plaintiff's counsel did not receive a Certificate of Service until October 20, 2025. (*Id.* at 8). In that intervening month—and despite Plaintiff's Notice regarding foreign service—the Superior Court entered a Judgment for Dismissal for Lack of Service, filed October 1, 2025. (*Id.* at 24). On October 31, 2025, eleven days after receiving the Certificate of Service, Plaintiff filed a Motion for Relief from Judgment of Dismissal for Lack of Service. (*Id.* at 26-28). On November 5, 2025, the Superior Court granted Plaintiff's motion, vacating the judgment and reinstating the case. (*Id.* at 46).

Link4Pay filed its Notice of Removal on November 13, 2025, invoking this Court's diversity jurisdiction over Plaintiff's Complaint. (Doc. 1 at 1-3). The Notice was filed fifty-two days after Link4Pay received service of process in Cyprus on September 22, 2025. (Doc. 1; Doc. 11-1 at 8).

## DISCUSSION

### I.    Legal Standard

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . , to the district court of the United States for the district and division

embracing the place where such action is pending." The Court's original jurisdiction over this civil action is not disputed and was evident on the face of the initial pleading. 28 U.S.C. §§ 1332, 1441(a); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005); (Doc. 11-1 at 17-22; Doc. 12 at 3-4; Doc. 13 at 5).

28 U.S.C. § 1446 provides the requirements of removal under § 1441(a), including that defendants must file a notice of removal within 30 days of service of the initial pleading or summons when the civil action is removable on its face. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010) (quoting *Harris*, 425 F.3d at 694); 28 U.S.C § 1446(b)(1). This time limit is "to be strictly construed against federal court jurisdiction," such that § 1446's "thirty-day clock starts ticking" once the defendant has "enough facts to remove." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006). The Ninth Circuit considers the thirty-day window for removal "imperative and mandatory," such that it "must be strictly complied with[] and is to be narrowly construed." *U.S. ex rel. Walker v. Gunn*, 511 F.2d 1024, 1026 (9th Cir. 1975). Indeed, the United States Supreme Court recently held that § 1446(b)(1)'s thirty-day limit is a mandatory, non-jurisdictional rule that cannot be equitably tolled. *Enbridge Energy LP v. Nessel*, No. 24-783, slip op. (U.S. Apr. 22, 2026).

If removal was untimely, a plaintiff may move to remand. 28 U.S.C. § 1447(c); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) ("[A] timely objection to a late petition will defeat removal . . . ."). Any doubt about the propriety of a removal should be "resolved against removability." *Haw. ex rel. Louie v. HSBC Bank Nev., NA*, 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008)).

## II.    Analysis

Plaintiff moves the Court to remand its Complaint for improper, untimely removal under § 1446(b)(1) because Link4Pay's Notice was filed fifty-two days after it was served with a facially removable complaint on September 22, 2025. (Doc. 11 at 1-2). Link4Pay argues that remand is unwarranted because it filed its Notice of Removal with 30 days of

the Superior Court's order reinstating the case, which was issued on November 5, 2025. (Doc. 12 at 2, 4-5). In other words, "[t]he parties agree on how to count to thirty, but they disagree over when to begin counting." *Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F.3d 1126, 1128 (9th Cir. 2019).

Under the strict statutory language of § 1446(b)(1)(B), the thirty-day window to file a notice of removal began on September 22, 2025, when Link4Pay was served because the initial pleading was facially removable. Thus, the "clock start[ed] ticking" as soon as Link4Pay was served and it was required to file a notice of removal by October 22, 2025.[1] *Durham*, 445 F.3d at 1253. It did not do so until November 13, 2025 (Doc. 1), fifty-two days after it was served. Its Notice of Removal was therefore untimely.

Of course, by October 22, 2025, the State court had entered judgment for lack of service. The State court only did so because it did not know that Link4Pay had already been served. Between October 1, 2025—when the State court's judgment was entered— and October 20, 2025—when Plaintiff received the certificate of service, only Link4Pay knew that the State court's judgment was faulty because only Link4Pay knew that it had been served. Link4Pay's claim that it "justifiably anticipated that there would be no further proceedings" in State court after the judgment was entered is therefore unconvincing. (Doc. 12 at 6). Indeed, Link4Pay should have anticipated what occurred in State court: that the court would promptly vacate its judgment for lack of service once it was given notice that such service had in fact occurred prior to that judgment. Link4Pay cannot rely on the State court's judgment—which it alone knew was inaccurately premised on a lack of service—as an excuse for not complying with the mandatory thirty-day window. Indeed, § 1446(b) permits no excuses aside from those explicitly provided by Congress, none of

---

[1] Though applying the Ninth Circuit's strict construction of § 1446 may create peculiar outcomes in cases such as this, this Court cannot expand the meaning of the removal statute beyond the plain language provided by Congress in its allocation of judicial power between the federal and state courts. *Harris*, 425 F.3d at 698; *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941) (finding that Congress intended to restrict removal jurisdiction for federal courts and holding that "[t]he power reserved to the states under the Constitution to provide for the determination of controversies in their courts, may be restricted only by the action of Congress," within the "precise limits which the statute has defined" (citation omitted)).

which are applicable to Link4Pay.  *See Enbridge*, slip op. at 7-10.

In sum, because Link4Pay did not file its Notice of Removal until fifty-two days after it was served, its Notice of Removal was untimely.

**CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (Doc. 11) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk of the Court send a certified copy of this Order to the Maricopa County Superior Court for further proceedings.

Dated this 21st day of May, 2026.

G. Murray Snow
Senior United States District Judge